The opinion of the court was delivered by
Carpenter, J.
The point argued by the counsel and raised by this plea is, whether an express promise in writing by a bankrupt to pay a prior debt, barred by a discharge under the bankrupt law, is a valid promise upon which an action can be maintained. The debt, for which the promissory notes in the plaintiff’s declaration mentioned were given, and which forms the consideration of these notes, accrued before the defendant became a bankrupt. Does such prior legal liability form a sufficient consideration to support these promises ? Any defects in the plea, if there be any, have been expressly waived by the counsel of the plaintiffs.
These notes, admitted by the plea, prima fade import a good consideration; but still, as between the original parties, the consideration may be the subject of inquiry, unless founded on a good and valid consideration, as in the case of other contracts, such paper will not support an action.
The point in this case can hardly be considered an open question in this state at the present day. It is true, that in the sense in which Lord Mansfield has been understood to lay down the doctrine of moral and equitable considerations, and in the unqualified manner in which the same doctrine was stated in Lee v. Muggridge, 5 Taunt. 36, the law is not now received in our courts. But it is very doubtful .if Lord Mansfield ever meant to carry the doctrine to the extent supposed. Perhaps in fairness to him, we should restrain the generality of his expressions to the case before him, and to the application of those expressions made by himself. In all the cases put by him there was an original consideration beneficial to the party making the promise, *583 and which might have been enforced on an implied promise, but for some statute provision, or some positive rule of law, which with a view to the general good, exempted the party from legal liability in this particular instance. The ordinary eases are debts barred by the statute of limitations, debts incurred by infants, and debts of bankrupts; and these were the eases referred to by Lord Mansfield, by way of illustration, when he laid down the rule. Express promises founded on suoh pre-existing equitable obligation may doubtless be enforced ; there is a good consideration for them; they merely remove an impediment created by law to the recovery of debts honestly due, but which public policy protects the debtors from being compelled to pay. See the note to Wennall v. Adney, 3 Bos. & Pul. 249; Littlefield v. Shee, 2 B. & A. 811; 22 E. C. L. 187; Eastwood v. Kenyon, 11 Adol. & Ellis, 848, 39 E. C. L. 138. The cases are also collected and the whole doctrine on this subject succinctly and ably stated in Story on Promissory Notes, § 184. See also 2 Greenl. Ev. § 107 and note. Not the weight only, but the whole current of authority sustains the consideration of an express promise by a bankrupt to pay a prior debt from which he has been discharged by bankruptcy, when the promise has been distinct and unequivocal. In England by statute, 6 Geo. 4, C. 16, the bankrupt is now only liable on a subsequent promise when such promise is made in writing and signed by him or some person lawfully authorized in writing by such bankrupt; an enactment in my judgment highly expedient, but which lias only been rendered necessary by the unquestioned adjudications and by the settled doctrine on this point. I am of the opinion that the plea should be overruled.
Judgment for the demurrant.
Whitehead and Randolph, J. J. did not hear the argument and expressed no opinion.
Cited in Freeman v. Robinson, 9 Vr. 388.